LAW OFFICE OF MARK G. SPENCER
MARK G. SPENCER, STATE BAR # 199134
525 B Street, Suite 1500
San Diego, California 92101
Tel. (619) 858-4752
mspencerlaw@hotmail.com

Attorney for Plaintiff Paul Kubler

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KUBLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASCENSION POINT RECOVERY SERVICES, LLC, AND DOES 1 - 10, INCLUSIVE,<br><br>Defendants. | Case No.: '18CV0743 BEN BGS<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW PLAINTIFF PAUL KUBLER ("Plaintiff"), by and through his attorney, Mark G. Spencer, to file this Complaint for Damages and Demand for Jury Trial as follows:

## INTRODUCTION

1) This is an action for damages bought by an individual consumer against Defendant Ascension Point Recovery Services, LLC ("APRS") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

Complaint for Damages                              1

2)    Any violations by APRS were knowing, willful, and intentional, except as to Count 1 in which APRS was negligent and APRS did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3)    Jurisdiction of this Court arises under 47 U.S.C. § 227.

4)    Because APRS does business within the State of California, personal jurisdiction is established.

5)    Venue is proper pursuant to 12 U.S.C. § 1391 because San Diego County, California is where the violations occurred and APRS does business in the State of California, including San Diego County.

## PARTIES

6)    Plaintiff Paul Kubler is a natural person residing in the County of San Diego, State of California.

7)    Defendant APRS is an Limited Liability Corporation doing business collecting debts from citizens who are located in the State of California.  APRS's business address is 200 Coon Rapids Boulevard, Suite 200, Coon Rapids, Minnesota.

## FACTUAL ALLEGATIONS

8)    Plaintiff has received several telephone calls from APRS to Plaintiff's personal cellular telephone.

9)    APRS was attempting to collect a debt that did not belong to Plaintiff.  APRS contacted Plaintiff several times in an attempt to collect that debt.

10)   The telephone calls made to Plaintiff's cellular telephone were made with an automatic telephone dialing system and/or using an artificial or prerecorded voice.

11)   An automatic telephone dialing system means equipment that has the capacity to store or produce numbers to be called , using a random or sequential number generator, and to dial such numbers.

///

Complaint for Damages                              2

12)     It is the policy and practice of APRS to make telephone calls to alleged debtors using automatic telephone dialing systems. APRS stated to Plaintiff during one of these calls described in this complaint that APRS did use an automatic telephone dialing system to contact alleged debtors.

13)     Plaintiff did not give APRS express consent to receive auto-dialed or prerecorded message calls on Plaintiff's cellular telephone.

14)     Once Plaintiff received calls from APRS using an automatic telephone dialing system, Plaintiff demanded that the calls being made to his cellular telephone cease immediately. APRS continued to place calls to Plaintiff's cellular telephone which wilfully violated the TCPA.

## COUNT 1

## NEGLIGENT VIOLATION OF THE

## TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

## 47 U.S.C. § 227

15)     Plaintiff incorporates paragraphs 1 through 14 herein as if fully set forth.

16)     The Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 restricts the making of telephone calls to cellular telephones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice". 47 U.S.C. § 227(b)(A)(iii).

17)     APRS made several telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing service as proscribed by the TCPA.

18)     The conduct complained of in this complaint was negligent, widespread, and systematic.

///

///

///

///

## COUNT 2

## WILLFUL VIOLATION OF THE

## TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

## 47 U.S.C. § 227

19) Plaintiff incorporates paragraphs 1 through 18 herein as if fully set forth.

20) The violations of the TCPA identified above were willful violations of the TCPA.

21) Plaintiff is entitled to treble damages in the case that the violations are found to have been willful.

## DEMAND FOR JURY TRIAL

22) Plaintiff Kubler demands a trial by jury in this matter.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff Paul Kubler that:

1) An award of statutory damages of $500.00 per incident for negligent violation of the TCPA and $1,500.00 per incident for willful violations of the TCPA; and,

2) Any further relief deemed necessary to further the ends of justice in this matter.

Respectfully submitted,

Dated:      April 17, 2018                By: /s/ Mark G. Spencer
                                          Mark G. Spencer
                                          Attorney for Plaintiff
                                          Paul Kubler

Complaint for Damages                                          4